FILED

Case 3:12-cv-03721-P   Document 18   Filed 08/27/12   Page 1 of 11   PageID 92 2012 Aug-27  PM 01:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM WATSON, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | CASE NO. 2:12-CV-2263-SLB |
| | } | |
| EARTHBOUND HOLDING, LLC | } | |
| d/b/a EARTHBOUND TRADING | } | |
| COMPANY, | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This case is currently before the court on defendant Earthbound Holding, LLC's

("defendant") Motion to Transfer Venue.  (Doc. 12.)[1]  Upon consideration of the record,

the submissions of the parties, the arguments of counsel, and the relevant law, the court is

of the opinion that defendant's Motion is due to be granted.

## I. FACTS AND PROCEDURAL HISTORY

William Watson ("plaintiff"), is a resident of Mississippi.  (Doc. 1 ¶ 3.)  Defendant

is a corporation organized under the laws of Delaware with its principal office in Farmers

Branch, Dallas County, Texas.  (Doc. 13 ¶ 5.)  Plaintiff was employed by defendant as a

manager at defendant's store #342 in Florence, Alabama.  (*Id.* ¶ 6.)  Plaintiff claims

defendant terminated his employment based on race in violation of Title VII of the Civil

---

[1] Reference to a document number, ["Doc. ____"], refers to the number assigned to each
document as it is filed in the court's record.

Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*  (Doc. 1 ¶ 7.)

On April 27, 2012, plaintiff initiated this suit in the U.S. District Court for the

Southern District of Mississippi, Jackson Division.  (*See* doc. 1.)  Defendant filed a

Motion to Dismiss for Improper Venue on May 22, 2012.  (Doc. 4.)  The U.S. District

Court for the Southern District of Mississippi found that the case was improperly filed in

Mississippi, but in lieu of dismissal, the court transferred the case to the Northern District

of Alabama, Southern Division.  (*See* doc. 8.)  The court reasoned that rather than

dismissing plaintiff's case altogether, transferring the case to the division where

plaintiff's termination occurred would better serve the local interests of this forum.  (Doc.

8 at 4.)  Also, the court opined that Alabama would be a more convenient forum for

witnesses likely to testify on behalf of plaintiff.  (*Id.*)  After the case was transferred to

this court, defendant moved to transfer venue to the Northern District of Texas, Dallas

Division pursuant to 28 U.S.C. § 1404.  (Doc. 12.)

## II. LEGAL STANDARD: TRANSFER OF VENUE - 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), venue may be transferred by the district court

"[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any

other district or division where it might have been brought."  "The decision to transfer a

case to another district is left to the sound discretion of the trial court."  *Brown v. Conn.*

*Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).  However, "the burden [is] on

the defendant to demonstrate why the forum should be changed."  *Johnston v.*

*Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994).  Although the

purpose of the transfer statute is convenience afforded to the parties and witnesses, the

district court's power to transfer is "expressly limited . . . to those federal districts in

which the action 'might have been brought.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616

(1964) (quoting 28 U.S.C. §1404(a)).  Therefore, the court's analysis is a "two-part

inquiry": first, to determine if the case could have been brought initially in the transferee

court, and second, whether the factors of convenience and interests of justice under

Section 1404 favor shifting venue to the transferee court.  *See A.J. Taft Coal Co. v.

Barnhart*, 291 F. Supp. 2d. 1290, 1307 (N.D. Ala. 2003).

### III. DISCUSSION

#### A.  Whether the Case "Might Have Been Brought" in the Northern District of Texas, Dallas Division

First the court must determine if this case could have originally been brought in the

Northern District of Texas, Dallas Division where defendant proposes to transfer venue.

Therefore, the court must not only verify that venue would have been proper in the

Northern District of Texas, Dallas Division, but also, whether jurisdiction exists in that

court.

#### 1.  Jurisdiction

The Northern District of Texas would have original subject matter jurisdiction

over this case pursuant to 28 U.S.C. § 1331 as a result of plaintiff's claims under Title VII

of the Civil Rights Act of 1964.  (*See* doc. 1.)

3

Additionally, personal jurisdiction over defendant would exist in the Northern

District of Texas as defendant's principal place of business is located in Farmers Branch,

Dallas County, Texas.  (Doc 13 ¶ 5.)

## 2.  Venue

Venue in the Northern District of Texas, Dallas Division would have been proper

if the case had initially been brought there.  The exclusive venue provision of Title VII,

set forth in 42 U.S.C. § 2000e-5(f)(3), provides *inter alia* that actions under Title VII

"may be brought . . . in the judicial district in which the employment records relevant to

such practice are maintained and administered."  *See also Pinson v. Rumsfeld*, 192 F.

App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of [42 U.S.C.] §

2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII

employment discrimination actions and that the more general provisions of § 1391 are not

controlling in such cases." (citation omitted)).  Defendant asserts and plaintiff does not

contest[2] that plaintiff's personnel records relating to his employment and/or termination

are maintained at defendant's principal office in Farmers Branch, Texas.  (Doc. 13 at 7,

doc. 12-1 at 12.)  Accordingly, plaintiff could have initially filed this action in the

---

[2] Defendant's Motion is styled as "opposed" and states that counsel for plaintiff indicated via email that plaintiff opposes the Motion. (Doc. 13 at 2.)  However, plaintiff never filed a response in opposition, despite the court's July 6, 2012 Order directing that a response in opposition, if any, should be filed "on or before July 23, 2012." (Doc. 14 at 1.)  Where it is relevant, the court will look to plaintiff's Response to defendant's Motion to Dismiss for Improper Venue, (doc. 6), filed in the Southern District of Mississippi, which defendant attached as an exhibit to its Motion to Transfer, (doc. 12-1 at 14-17).

Northern District of Texas, Dallas Division.  Therefore, the first requirement for transfer is satisfied.

**B. Convenience of the Parties and Witnesses and the Interest of Justice**

Second, the court must determine whether transfer of venue promotes, on the whole, greater convenience of the parties and witnesses and advances the interest of justice.  28 U.S.C. § 1404(a).  "The analysis under § 1404(a) requires a balancing of practical considerations, which centers on convenience of the parties and witnesses, with the interest of justice, which focuses on fairness and efficiency."  *Barnhart*, 291 F. Supp. 2d. at 1309.  The Eleventh Circuit has noted nine factors to be considered on a motion to transfer venue:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d. 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

**1.  Plaintiff's Choice of Forum**

The court finds that plaintiff's choice of forum is due no weight in deciding the Motion to Transfer. As discussed above, the Northern District of Alabama was not where plaintiff first brought his case.  Initially, plaintiff chose to file suit in the Southern District

of Mississippi, Jackson Division.  (*See* doc. 1.)  Therefore, this factor does not figure into

the court's analysis.

## 2.  Location of Relevant Documents and Access to Sources of Proof

The court now examines in which forum the relevant documents and other sources

of proof are located.  Defendant maintains its principal office in Dallas County, Texas.

(Doc. 13 ¶ 5.)  Defendant asserts that "[a]ll of the . . . records . . . relating to [plaintiff's]

employment are physically located at [defendant's] principal place of business in Farmers

Branch, Dallas County, Texas."  (Doc. 12-1 at 12.)  According to defendant, none of

plaintiff's employment records are maintained in Alabama.  (*Id.*)  Plaintiff does not

contest these assertions.  Although defendant claims that this factor "weighs . . . heavily

in favor of . . . transfer," (doc. 13 at 9), it has been noted, that while still relevant, the

location of documents carries less weight as the burden of producing evidence may be

lessened where documents are stored in electronic format.  *See Dendy v. Decker Truck*

*Line, Inc.*, 2:10CV459-MHT, 2010 WL 3398987, at *3 (M.D. Ala. Aug. 26, 2010)

("[T]he fact '[t]hat access to some sources of proof presents a lesser inconvenience now

than it might have absent recent developments does not render this factor superfluous.'

Accordingly, this factor provides some additional weight in favor of transfer." (quoting *In*

*re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008))).  Thus, the court finds

that the location of plaintiff's employment records weighs in favor of transfer.

**3. The Convenience of the Parties**

Next, the court addresses the relative convenience of the parties litigating this case in either Alabama or Texas.  Transfer is inappropriate where it "merely shift[s] inconvenience from the defendant[] to the plaintiff." *Robinson v. Giarmarco & Bill, P.C.*,  74 F.3d 253, 260 (11th Cir. 1996).  Neither of the parties reside in the Northern District of Alabama.  Plaintiff is a resident of Mississippi, (doc. 1 ¶ 3), and defendant's principal office is located in Dallas County, Texas, (doc. 13 ¶ 5).  As defendant points out, regardless of whether this case is transferred, both of the parties will be inconvenienced to some extent.  (Doc. 13 at 9.)  Plaintiff's place of residence, Meridian Mississippi, is closer to this court than the proposed transferee venue in Texas.  However, based on the remaining factors discussed below, transferring this case would be more convenient overall, and not merely shift the burden from defendant to plaintiff.  That being said, this factor weighs slightly against transfer.

**4.  The Locus of Operative Facts**

Defendant contends that the operative decisions regarding plaintiff's termination occurred in Texas, and thus, weigh in favor of transfer.  (Doc. 13 at 10.)  Plaintiff was terminated for allegedly violating defendant's harassment policy while working at defendant's store in Florence, Alabama.  (Doc. 1 ¶ 7.)  However, defendant maintains that the decision to terminate plaintiff "was made by [defendant's] management officials located in Texas."  (Doc. 12-1 at 12.)  Plaintiff does not dispute this, and he further

7

speculates that the decision to terminate him was actually made while he was employed at

defendant's store in Mississippi, and thus, prior to him working in Alabama. (*Id.* at 16.)

Because plaintiff alleges that he was terminated based on his race, and the key decisions

regarding plaintiff's termination were allegedly made by defendant's managers in Texas,

the court finds that this factor weighs in favor of transfer. *See Dendy*, 2010 WL 3398987,

at *3 (finding that the occurrence of key employment decisions in another district

weighed in favor of transfer).

### 5. Convenience and Availability of Witnesses

Next, the court addresses the overall convenience of the witnesses likely to testify

in this case and to what extent this court or the transferee court may compel the

attendance of any unwilling witnesses. The court begins its analysis by noting that "[i]t is

often said that 'the most important factor in passing on a motion to transfer under §

1404(a) is the convenience of the witnesses.'" *Harper v. Am. Airlines, Inc.*, No.

CV-08-S-2410-NE, 2009 WL 1605800, at *5 (N.D. Ala. May 18, 2009) (quoting

*Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1091 (M.D. Ala. 1996)). In

support of its Motion to Transfer, defendant specifically identifies two employees

residing in Texas who conducted the investigation leading to plaintiff's termination and

who made the decision to terminate plaintiff. (Doc. 12-1 at 12.) Defendant also

identifies a district manager located in Tennessee who oversaw defendant's Florence,

Alabama store. (*Id.*) Finally, defendant states generally that there are "many relevant

witnesses" located in the transferee district and that any unwilling witnesses would likely

be within the subpoena power of the transferee court. (Doc. 13 at 10.) While it may be

that former coworkers of plaintiff may have relevant knowledge of the facts of this case,

plaintiff does not make any attempt to identify likely witnesses or state whether or not any

former coworkers still reside in this district or elsewhere in Alabama. Given that

defendant's likely relevant witnesses all reside in Texas (except for the district manager),

the court finds that the convenience and availability of witnesses weighs in favor of

transfer.

### 6. The Relative Means of the Parties

The court affords this factor little weight. As defendant points out, this district is

not plaintiff's original choice of forum nor his place of residence. Further, plaintiff offers

no arguments that he would be unable to litigate his case in Texas. It may be assumed

that defendant, as a company doing business in several states, has greater resources than

plaintiff; however, it is not apparent that plaintiff would endure substantially greater

hardship by traveling to Texas rather than Alabama to litigate this case.

### 7. The Forum's Familiarity with the Governing Law

All of plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act.

(*See* doc. 1.) Therefore, the court grants this factor no weight as any federal district court

would be familiar with the law governing such a claim.

### 8. Efficiency and the Interests of Justice

Lastly, the court looks at the totality of the circumstances and weighs the

efficiency and the interests of justice in litigating this case in either Alabama or Texas.

As an initial matter, the court notes that there is little if any connection between Alabama

and plaintiff's case aside from the fact that defendant terminated plaintiff's employment

while he was working at a store in Alabama.  Also, neither party is located in this state.

The majority of defendant's likely witnesses reside in Texas, including the two employees

identified as making the decision to terminate plaintiff.  (Doc. 12-1 at 12.)  Plaintiff has

failed to apprise the court of the existence of any witnesses, including any potential

witnesses residing in Alabama.[3]  Although plaintiff would travel a shorter distance to

litigate in this court, nothing in the record indicates he would endure substantially more

hardship by traveling to Texas.  Finally, nothing in the record indicates that litigating this

case in Texas would be any more or less efficient than in Alabama.

### IV. CONCLUSION

Based on the foregoing, defendant's Motion to Transfer is due to be granted.  This

case will be transferred to the Northern District of Texas, Dallas Division as directed in

the court's Order entered contemporaneously with this Opinion.

---

[3] During oral argument on defendant's Motion to Transfer, counsel for plaintiff identified two potential witnesses but was unable to state whether these individuals still reside in Alabama or the relevance of their testimony to plaintiff's claims.

**DONE**, this 27th day of August, 2012.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE